UNITED STATES of America,

v.

Jose MUYET, a/k/a "Raze,"
et al., Defendants.

No. S3 95 Cr. 941 (PKL).

United States District Court,
S.D. New York.

Jan. 9, 1998.

Jay L. Weiner, New York City.

Jay Holtmeier, Asst. U.S. Atty., Southern District New York, New York City, for U.S.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

By letter dated December 20, 1997, defendant Jose Muyet requested permission to submit to the Court *pro se* amendments to the post-trial motions submitted by defendant's substituted attorney, Jay L. Weiner, Esq. Defendant neglected to furnish a copy of his request to Government counsel. The Court has remedied this deficiency and the Government has now had an opportunity to respond to defendant's request by its letter dated January 6, 1998.

### DISCUSSION

The Court denies defendant Jose Muyet's request essentially for the reasons set forth in the Government's letter. Because defendant insisted on substitution of counsel following the five-month jury trial, the Court was liberal in permitting time for substituted counsel, Mr. Weiner, to review the trial record and make those arguments that he deemed to be meritorious. As noted by the Government, the post-trial motion schedule was more than seven months after the jury verdict in the case.

The appellate courts have provided guidance with respect to this consideration. "Defense counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses

in the defendant's case." *Brown v. Artuz,* 124 F.3d 73, 77 (2d Cir.1997) (Newman, J.).

The defendant, of course, has the authority in the first instance to accept or reject court-appointed representation. If he decides to accept an attorney, the defendant has necessarily delegated important decisionmaking authority to his attorney.... No one could seriously contend that a defendant is in a better position to dictate trial strategy than his attorney.... No attorney could discharge this duty if he must yield to the personal demands of his client.

*Wright v. Estelle,* 572 F.2d 1071, 1073 (5th Cir.) (en banc), *cert. denied,* 439 U.S. 1004, 99 S.Ct. 617, 58 L.Ed.2d 680 (1978).

As explained by the Eleventh Circuit in a comprehensive en banc opinion, *United States v. Teague,* 953 F.2d 1525, 1531 (11th Cir.1992), cited with approval by Judge Newman in *Brown v. Artuz,* 124 F.3d at 77, criminal defendants at trial possess essentially two categories of constitutional rights: those that are waivable by defense counsel on the defendant's behalf, and those that are considered fundamental and personal to the defendant. Included in the former category are matters that primarily involve strategy and tactics, such as "what evidence should be introduced, what stipulations should be made, what objections should be raised, and *what pre-trial motions should be filed.*" *Id.* (emphasis added).

## CONCLUSION

For the reasons stated above, the defendant's motion is HEREBY DENIED.

**SO ORDERED.**